UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMMANUEL ADEWALE ADEYINKA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.  23-3439 (UNA) |
| ) | |
| SHERMAN COUNTY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Plaintiff submitted an application to proceed *in forma pauperis* (Dkt. 2) and *pro se* complaint (Dkt. 1).  On November 20, 2023, the Court issued an Order (Dkt. 3) directing plaintiff, pursuant to Local Civil Rule 5.1(c)(1), to file a notice with his full residence address or, in the alternative, to file a motion explaining his reasons for using a Post Office Box as his mailing address.  On consideration of plaintiff's response, the Court GRANTS plaintiff's motion (Dkt. 4) for permission to use a Post Office Box, GRANTS the application to proceed *in forma pauperis* and, for the reasons discussed below, DISMISSES the complaint and this civil action without prejudice.

The Court has reviewed plaintiff's complaint, keeping in mind that complaints filed by *pro se* litigants are held to less stringent standards than are applied to formal pleadings drafted by lawyers.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Even *pro se* litigants must comply with the Federal Rules of Civil Procedure.  *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).  Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for

judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). The purpose of the minimum standard of Rule 8 is to give fair notice to the defendants of the claim being asserted, sufficient to prepare a responsive answer, to prepare an adequate defense and to determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

The complaint discusses at length the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, *see generally* Compl. at 8-14, and abruptly shifts focus to a person's right to travel in describing the relief sought, *see id*. at 14. Plaintiff does not indicate whether or how the Double Jeopardy Clause and/or a person's right to travel pertains to this case. Nor does plaintiff articulate a basis for an award of $71 million.

As drafted, the complaint fails to meet the minimal pleading standard set forth in Rule 8. So few cogent facts are alleged that the named defendants would not have adequate notice of the legal claims against them.

A separate order will issue.

                                                          RANDOLPH D. MOSS
                                                          United States District Judge

DATE: March 19, 2024